UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, v. KNOXVILLE COLLEGE; DR. BARBARA HATTON, an Individual; and the KNOXVILLE COLLEGE TIAA CREF RETIREMENT PLAN FOR FACULTY AND STAFF, Defendants. | FILE NO. 3:08-CV-45 |

## CONSENT JUDGMENT AND ORDER

Plaintiff, the Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, ("ERISA") has filed a Complaint against Defendants Knoxville College and Dr. Barbara Hatton. Defendant Knoxville College and the Secretary have agreed to resolve all matters in controversy in this action. The parties consent to entry of a Judgment and Order by this Court in accordance with the following terms:

A.  The Secretary's Complaint alleges that Defendant Knoxville College breached its fiduciary duties with respect to the Knoxville College TIAA CREF Retirement Plan for Faculty and Staff ("the Plan") by failing to discharge its duties under the Plan and by violating provisions of Sections 403, 404, 406 and 412 of ERISA, 29 U.S.C. §§ 1103, 1104, 1106 and 1112, as set forth in the Complaint.

B.  Defendant Knoxville College hereby acknowledges service of the Complaint in this matter. Defendant Knoxville College states that it is authorized to accept service of the Complaint in this matter on behalf of the Plan, a Rule 19(a) defendant herein, and hereby accepts service of the Complaint.

C.  Defendant Knoxville College admits to the jurisdiction of the Court over it and over the subject matter of this action. Defendant Knoxville College further admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

D.  Defendant Knoxville College expressly waives any and all claims of whatsoever nature that it has or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant Knoxville College, with the exception of any potential civil money penalties that may be assessed under Section 502 of ERISA, 29 U.S.C. § 1132, except as provided herein. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant Knoxville College.

F. The Secretary and Defendant Knoxville College waive Findings of Fact and Conclusions of Law and consent to the entry of this Order without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Knoxville College, its agents, servants, employees and all persons in active concert or participation with Defendant Knoxville College be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. As a result of its fiduciary breaches, Defendant Knoxville College has caused the Plan losses of $20,083.00 ($14,319.00 in unremitted employee contributions and $5,764.00 in unremitted matching employer contributions),

plus interest on the lost earnings in the amount of $3,180.00 on those funds ($2,499.00 for the unremitted employee contributions and $681.00 for the unremitted matching employer contributions), calculated at the higher of the applicable Internal Revenue Code section 6621 rate or the Plan's rate of return.

4. Defendant Knoxville College shall make restitution to the Plan the sum of $23,263.00 to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries. In the event that Defendant Knoxville College fails to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

5. The Secretary has determined that Defendant Knoxville College is unable to make full restitution to the Plan at this time. To comply with this Consent Judgment and Order, Defendant Knoxville College shall deliver payment to the Plan in an initial payment of $5,000.00, followed by three equal installments of $5,000.00 each, payable on the 1st of each month beginning with July 1, 2008, followed by a final installment payment of $3,263.00 which shall be due on October 1, 2008. Defendant Knoxville College will provide the Department of Labor proof of each payment it makes to the Plan in a form of a statement from the Plan's custodial trustee or in the form of a copy of each

negotiated check. The proof shall be mailed or faxed within ten (10) calendar days of remittance of each such payment to:

> Regional Director
> United States Department of Labor
> Employee Benefits Security Administration
> 61 Forsyth Street, S.W.
> Room 7M60
> Atlanta, Georgia 30303
> (404) 302-3900 (Phone)
> (404) 302-3975 (Fax)

6. In the event that Defendant Knoxville College fails to pay any of the above-recited installments when due for any reason whatsoever, including, without limitation, the bankruptcy of Defendant Knoxville College, the total balance then remaining unpaid shall become due and payable immediately by Defendant Knoxville College with no further notice or demand required and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

7. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA Section 502(l), 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4. Defendant Knoxville College shall pay to

the Department of Labor the civil money penalty in the amount of $4,652.00 pursuant to ERISA Section 502(l)(2), 29 U.S.C. § 1132(l)(2), upon assessment of such penalty by the Department of Labor.

8. Defendant Knoxville College may continue to act as a fiduciary and Trustee to the Plan. However, in the event that Defendant Knoxville College fails to distribute all of the Plan's assets to the participants and beneficiaries, on or before October 1, 2008, Defendant Knoxville College, upon motion by the Secretary, may be removed as trustee and fiduciary. Should the Secretary request the removal of Defendant Knoxville College as fiduciary to the Plan, the Secretary shall recommend a successor fiduciary who shall be appointed by the Court upon the Plaintiff's motion. In the event that a successor trustee is appointed, Defendant Knoxville College shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

9. This Consent Judgment resolves all claims of the Secretary's Complaint against Defendant Knoxville College with the following exceptions:

    a. This judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 of ERISA, except as provided herein.

b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

10. Each party shall bear its own costs and expenses, including attorney's fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 30th day of June, 2008.

*Thomas H. Phillips*
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendant Knoxville College consents to entry of the foregoing Judgment: | Plaintiff the Secretary moves entry of the foregoing Judgment: |

KNOXVILLE COLLEGE

By: *J.B Cannon* 6-12-08
JOHNNIE B. CANNON
Chief Operating Officer
Knoxville College

GREGORY F. JACOB
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: *Kristina T. Harrell* 6/18/08
KRISTINA T. HARRELL
Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303
(404) 302-5464 (Phone)
(404) 302-5438 (Fax)
Attorneys for Plaintiff